**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **JAGBIR SINGH** | **CIVIL DOCKET NO. 3:26-cv-01891**<br>**SECTION P** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **MARKWAYNE MULLIN, ET AL** | **MAGISTRATE JUDGE KAYLA D. MCCLUSKY** |

# JUDGMENT

Before the Court is the Report and Recommendation ("R&R") of the Magistrate Judge [Doc. 11], which recommends granting, in part, the Petition for Writ of Habeas Corpus ("Petition") filed by Petitioner Jagbir Singh [Doc. 1] on the ground that he is detained under 8 U.S.C. § 1226(a) and is therefore entitled to a bond hearing. Federal Respondents filed an objection, to which Petitioner responded. [Docs. 14, 15]. After an independent review of the record, the Court declines to adopt the R&R and denies the Petition.

Petitioner, a citizen of India, entered the United States without inspection near Lukeville, Arizona, on or about September 25, 2015. He was charged as an alien present without admission or parole, 8 U.S.C. § 1182(a)(6)(A)(i), and later released on recognizance. [Doc. 7-1, pp. 2-3, 9]. On May 26, 2026, the Arkansas Highway Patrol arrested him during a commercial vehicle inspection. Immigration and Customs Enforcement ("ICE") lodged a detainer and a Form I-200 warrant and arrested him the next day upon his release from county jail. [*Id.*, p. 9]. An immigration judge has since found him inadmissible under § 1182(a)(6)(A)(i) and ordered him removed to

India. Petitioner has appealed his final order of removal, which remains pending before the Board of Immigration Appeals. [*Id.*, pp. 11-14; Doc. 11, p. 3].

The R&R concluded that, because ICE arrested Petitioner on a warrant, that the provisions of § 1226(a) alone govern his detention. [Doc. 11, pp. 3-6]. The Court respectfully disagrees. The law is clear that an alien "present in the United States who has not been admitted ... shall be deemed ... an applicant for admission." 8 U.S.C. § 1225(a)(1). Such an alien, if not "clearly and beyond a doubt entitled to be admitted," "shall be detained for a proceeding under Section 1229a." § 1225(b)(2)(A); *see Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). And binding Fifth Circuit precedent holds that this mandate reaches aliens who entered without inspection, however long ago. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026). Petitioner, who entered without inspection and has never been admitted, is therefore subject to the provisions of § 1225(b)(2)(A).

Nor does the 2026 warrant issued by ICE operate to change the Petitioner's statutory designation. Assuming ICE's issuance of a warrant brings Petitioner into the purview of § 1226(a), the undersigned has recognized on numerous occasions that there is substantial overlap between those aliens falling broadly under § 1226(a) and the mandatory detention required by § 1225(b)(2)(A). *See, e.g., Sandoval v. Acuna*, 2025 WL 3048926 (W.D. La. Oct. 31, 2025); *Oliveira v. Patterson*, 2025 WL 3095972 (W.D. La. Nov. 4, 2025); *Alves de Andrade v. Patterson*, 2025 WL 3252707 (W.D. La. Nov. 21, 2025) ("the statutory scheme of the INA does not render these two provisions mutually exclusive"). And the Fifth Circuit subsequently agreed, finding that while

§ 1226(a) applies "to aliens in general, including those who are not applicants for admission," it overlaps with § 1225(b)(2)(A) – and where it does, "aliens who fall under both provisions may not seek bond because of the mandatory detention required by § 1225(b)(2)(A)." *Buenrostro-Mendez*, 166 F.4th at 499, 504 n.12. Thus, even if the warrant issued by ICE brought Petitioner's arrest within § 1226(a), he remains an applicant for admission subject to mandatory detention. Petitioner is therefore detained under § 1225(b)(2)(A) and is not entitled to a bond hearing under § 1226(a).[1]

The R&R did not reach Petitioner's remaining claims [Doc. 11, p. 6 n.3], and none warrant relief at this time. Petitioner's *Accardi* claim rests on the premise that ICE arrested Petitioner without a warrant [Doc. 1, pp. 24-25], which the record contradicts. [Doc. 7-1, p. 9]. And his claims arising under the Constitution – including whether due process requires bond hearings for aliens detained under § 1225(b)(2)(A) is an issue now before the *en banc* Fifth Circuit, which has vacated the panel opinion and heard oral argument. *Sosnava Rodriguez v. Ortega*, 181 F.4th 608 (5th Cir. 2026). Petitioner's due process claim is therefore denied without prejudice to re-urging after the *en banc* court rules.

Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation [Doc. 11] is VACATED, and Federal Respondents' Objections [Doc. 14] are SUSTAINED to the extent consistent with this Order.

---

[1] The Supreme Court has granted certiorari to decide whether § 1225(b)(2)(A) mandates the detention of aliens who entered without inspection and were later apprehended in the interior. *Rhoney v. Barbosa da Cunha*, No. 26-104 (U.S. Oct. 1, 2026). Unless and until the Supreme Court holds otherwise, *Buenrostro-Mendez* binds this Court.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus [Doc. 1] is DENIED WITHOUT PREJUDICE to bringing a new action upon the Supreme Court's decision in *Rhoney v. Barbosa da Cunha*, No. 26-104 (U.S. Oct. 1, 2026), or the Fifth Circuit's *en banc* decision in *Sosnava Rodriguez v. Ortega*, 181 F.4th 608 (5th Cir. 2026).

THUS, DONE AND SIGNED in Chambers on this 15th day of October 2026.

David C Joseph

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE